UNITED STATES of America, Appellee,

v.

**Bruce Allen FOX, Appellant.**

**No. 79–1303.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1979.

Decided Sept. 14, 1979.

---

**232**

Irvin B. Nodland, Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Robert J. Snyder, Bickle, Coles & Snyder, Bismarck, N. D., for appellant.

James R. Britton, U. S. Atty., Fargo, N. D., and James S. Hill, Asst. U. S. Atty., Bismarck, N. D., for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Bruce Allen Fox was convicted of possessing a controlled substance, marijuana, with intent to deliver in violation of 21 U.S.C. § 841(a)(1). He was sentenced to sixty days confinement, three years probation and a $1,000 fine. Fox contends in this appeal that a warrant for the search of the automobile in which the marijuana was found was invalid. After a careful review of the record, we are of the view that the District Court correctly denied the defendant's motion to suppress the evidence seized in the search.

The search was made pursuant to a warrant issued by a tribal judge. The warrant stated that it found probable cause for the search based on a sworn statement filed by Homer White Buffalo. The statement signed by White Buffalo, a Bureau of Indian Affairs Agency Criminal Investigator, recited that "Law Enforcement officers received a report from reliable sources" that a 1977 black Chevrolet Monte Carlo, bearing North Dakota license 436–358, was parked during the late night hours by the Super Valu in New Town, North Dakota. The statement said that the driver of the vehicle "conferred with some people, opened the trunk of his vehicle and from a large green trash bag handed out several small bagged items. The observers saw money exchange hands and believed that a marijuana sale was made." The affidavit stated that at 6:30 p. m. on August 10, 1978, the day the warrant was issued, the vehicle was observed parked at a bar east of New Town and that Bruce Fox acknowledged it was his vehicle and became extremely nervous when permission to check the trunk of his vehicle was requested.

In a stipulation entered into prior to the suppression hearing, the defendant conceded the truth of virtually all of the facts contained in the affidavit. The parties further stipulated the following facts: The persons whose observations formed the basis for the warrant made those observations on the day before the search. They relayed the information to a friend, a former deputy sheriff, who informed the resident deputy. That deputy attempted to locate the vehicle but was unable to do so until the following day. The deputy identified the driver as Bruce Fox and called in White Buffalo, the BIA agent. After White Buffalo and the deputy spoke with Fox, they had the car impounded and White Buffalo went to see the tribal judge to obtain a search warrant. White Buffalo "verbally apprised" the tribal judge of the investigation and signed the statement referred to above.

The appellant contends that the affidavit supporting the warrant failed to demonstrate probable cause for the search. A warrant issued upon information supplied by an unidentified informant must be supported by an affidavit showing "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the circumstances from which the affiant concluded the informant was credible. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The affidavit does not merely state the informants' conclusions, but details their observation of the distribution of small bagged items from a large trash bag and the exchange of money.

The observer noted the license number of the car, and the defendant admitted to the investigators that the car bearing that license number was his vehicle. The affidavit stated that the informant observed the activity, not that the informants had merely heard rumors of the illegal activity. *See Spinelli v. United States*, 393 U.S. 410, 417, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The judge issued the warrant upon a finding that probable cause existed for the search. We cannot say that the District Court erred in denying the motion to suppress evidence seized in the search under the circumstances of this case and, therefore, affirm the defendant's conviction.